CO-OPERATIVE LEGISLATIVE COMMITTEE OF THE TRANSPORTATION BROTHERHOODS AND THE BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES, STATE OF OHIO, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Co-operative Legislative Committee v. Public Utilities Commission, 1 Ohio St. 2d 187.]

(No. 38917—Decided March 24, 1965.)

*Messrs. Tyler, Richards & Grieser* and *Mr. William R. Richards,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Jay C. Flowers* and *Mr. Theodore K. High,* for appellee.

*Per Curiam.* Appellant filed a complaint against the Baltimore & Ohio Railroad Company for a claimed violation of Section 4999.08, Revised Code, which is quoted in the report of our recent decision in *Co-operative Legislative Committee of the Transportation Brotherhoods and the Brotherhood of Maintenance of Way Employees* v. *Public Utilities Commission* (1964), 177 Ohio St. 101, at 102.

The complaint relates to the movement of diesel locomotives in the Cincinnati terminal area; and is directed against the use of a three-man crew in moving more than one diesel locomotive where one or more of them are not under power. In such instance, it is contended that a diesel locomotive being moved while not under power is a car and that therefore Section 4999.08, Revised Code, requires that there be a five-man crew.

The case is before this court on appeal from the order of the Public Utilities Commission dismissing the complaint.

As held in the above-cited case, this statute, being a penal statute, must be strictly construed.

Therefore, in our opinion, a diesel locomotive, being moved while not under power, is not a "car," within the meaning of that statute.

*Order affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.